UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIIL SHEIKO,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>THOMAS GILES, et al,<br><br>　　　　　Respondents. | NO. EDCV 19-1859-JFW (KS)<br><br>ORDER: DENYING RULE 60(b) MOTION FOR RECONSIDERATION |

**INTRODUCTION**

On September 26, 2019, Daniil Sheiko ("Petitioner"), a citizen of Ukraine who is currently in the custody of United States Immigration and Customs Enforcement and proceeding with counsel, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). (Dkt. No. 1.) The Petition presented one ground for habeas relief: "The Petitioner will be removed without having all access to appellate review . . . by [virtue of] the agency denying the emergency stay of removal but not the underlying petition [to reopen the final removal order]." (Petition at 6.) On October 11, 2019, Petitioner filed a Motion for Emergency Temporary Restraining Order (the "TRO Motion"), in which Petitioner sought a

1

temporary restraining order ("TRO") and preliminary injunction staying his imminent removal from the United States while the Board of Immigration Appeals ("BIA") adjudicates his motion to reopen immigration proceedings. (Dkt. No. 8.) Thus, in effect, the Motion sought the same relief as the Petition—a stay of removal pending the BIA's adjudication of Petitioner's motion to reopen immigration proceedings.

On October 11, 2019, the Court granted a temporary TRO, ordering that Petitioner not be removed from the United States for ten days. (Dkt. No. 10.) On October 15, 2019, the Court ordered Respondents to show cause why a preliminary injunction should not be issued. (Dkt. No. 11.) On October 16, 2019, Respondents filed a Response to the Court's Order to Show Cause, arguing for the denial of a TRO. (Dkt. Nos. 12, 14.) Petitioner's deadline for filing a reply was 24 hours from the time of Respondents' service of the Response. (*See* Dkt. No. 11.) Twenty-nine hours after Respondents served the Response, Petitioner filed his Reply. (Dkt. No. 15.) Although the Court could have declined to consider Petitioner's late-filed Reply, *see* Local Rule 7-12, in the interests of justice the Court considered the arguments in Petitioner's Reply. On October 18, 2019, the Court issued an order and judgment denying the TRO Motion and dismissing the Petition without prejudice for lack of subject matter jurisdiction. (Dkt. Nos. 18-19.) On October 19, 2019, Petitioner filed a Motion for Reconsideration (the "Motion") pursuant to Fed. R. Civ. P. 60(b)(1), (2), and (6) in which he asks the Court to "reconsider and grant the habeas petition." (Dkt. No. 20.)

**APPLICABLE LAW**

"Rule 60(b) enumerates specific circumstances in which a party may be relieved of the effect of a judgment, such as mistake, newly discovered evidence, fraud, and the like." *Buck v. Davis*, __ U.S. __, 137 S. Ct. 759, 771-72 (2017). The first two provisions at issue here— Rule 60(b)(1) and Rule 60(b)(2)— provide the following two grounds for relieving a party

from a final judgment or order: (1) mistake, inadvertence, surprise, or excusable neglect; and (2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b). The third provision at issue, Rule 60(b)(6), is "a catchall category . . . providing that a court may lift a judgment for 'any other reason that justifies relief.' Relief is available under subdivision (b)(6), however, only in extraordinary circumstances." *Buck*, 137 S. Ct. at 771-72 (internal quotation marks and citations omitted).

## DISCUSSION

### I. Motion Must Be Denied as Inappropriate Substitute for Appeal

Petitioner concedes that the Motion is based on arguments already presented in the record, as well as on a declaration from Petitioner's prior counsel. (Motion at 1.) Petitioner has not identified any specific act that constitutes a "mistake, inadvertence, surprise, or excusable neglect" that would warrant granting the Motion. (*See generally* Motion.) Petitioner also asserts that he has "newly discovered evidence" in the form of a declaration from his prior counsel, but the declaration has not been presented to the Court (despite the exhibit list to the Motion stating the contrary), and Petitioner has not explained how prior counsel's flawed strategy for for legalizing Petitioner, which is apparently the subject of the declaration, would vest the Court with jurisdiction in this case. (*See generally* Motion.)

Instead, the crux of the Motion is that the Court's analysis of the jurisdictional questions is flawed. However, reconsideration is not "intended to give an unhappy litigant one additional chance to sway the judge." *Bundorf v. Jewell*, 142 F. Supp. 3d 1133, 1136 (D. Nev. 2015) (quoting *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977)), and Fed. R. Civ. P. 60(b) is not meant to be a substitute for an appeal. *Wolff v. California*, 236 F. Supp. 3d 1154, 1160-61 (C.D. Cal. 2017), appeal dismissed, No. 17-55508, 2017 WL 3337142 (9th Cir. June 7, 2017); *accord Borne v. River Parishes Hosp.*, LLC, 548 Fed. Appx. 954, 959 (5th Cir. 2013)

("[A] Rule 60(b) motion may not be used as a substitute for timely appeal.") (citing *Latham v. Wells Fargo Bank, N.A.*, 987 F.2d 1199, 1203 (5th Cir. 1993) (collecting cases)); *Days Inns Worldwide, Inc. v. Patel*, 445 F.3d 899 (6th Cir. 2006) ("'A party may not use a Rule 60(b)(4) motion as a substitute for a timely appeal.'") (cite omitted)). Accordingly, the Motion must be denied as an inappropriate substitute for an appeal. *See Wolff*, 236 F. Supp.3d at 1160-61; *Inland Concrete v. Kraft*, 318 F.R.D. 383, 407 (C.D. Cal. 2016) (quoting *Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011)).

## II. Petitioner Has Not Demonstrated that the Court's Analysis was Flawed

Although the Court finds that the Motion must be denied, it nevertheless recognizes the gravity of Petitioner's circumstances, and, in the interests of justice, has considered Petitioner's substantive arguments. Petitioner contends that, despite the jurisdiction stripping provision of 8 U.S.C. § 1252(g), the Court has jurisdiction over the Petition, either because prior counsel's mistakes during the removal proceedings and legalization process constituted a due process violation that must be remedied by reopening removal proceedings, or pursuant to the Suspension Clause, because, upon Petitioner's removal, his I-485 Adjustment Application—which is the basis for the motion to reopen—will be deemed forcibly abandoned, thereby resulting in the denial of the motion to reopen.

### A. Section 1252(g) Strips the Court of Jurisdiction

With regards to Section 1252(g), where the petitioner is seeking a stay to enforce his constitutional rights to due process in the context of removal proceedings through a motion to reopen, Section 1252(g) does not operate to bar jurisdiction. *See also Chaudhry v. Barr*, No. 219CV0682TLNDMCP, 2019 WL 3713762, at *5 (E.D. Cal. Aug. 7, 2019) (discussing three instances in which Section 1252(g) does not strip the district courts of jurisdiction to consider the constitutionality of the deportation procedures employed); *see also Walters v. Reno*, 145

F.3d 1032, 1052 (9th Cir. 1998) (jurisdiction exists despite Section 1252(g) where the alien's claims constitute "general collateral challenges to unconstitutional practices and policies used by the agency"); *see also id.* n.15 (analogizing the jurisdictional question to the jurisdictional issues that have arisen in the context of social security cases, in which the Supreme Court has distinguished between litigants who sought to review the agency's decision to deny benefits and litigants who raised colorable constitutional challenges to the procedures employed by the agency). However, here, the motion to reopen does not challenge the constitutionality of the procedures that resulted in the agency's determination; instead, the sole basis for the motion to reopen is Petitioner's contention that he can now establish *prima facie* eligibility for adjustment of status based on the approval of his spouse's I-130 Petition. (*See generally* TRO Motion, Ex. E.) Petitioner asserts that the motion's failure to raise a constitutional issue is yet another oversight by Petitioner's prior counsel. (*See* Motion at 5.) That may be true. Nevertheless, the motion to reopen does not purport to litigate a due process challenge to the procedures that culminated in Petitioner's final removal order, and, as a result, the Court lacks jurisdiction under Section 1252(g).

### B. The Suspension Clause Does Not Vest the Court with Jurisdiction

With regards to the Suspension Clause, Petitioner again asserts that the application of the jurisdiction stripping provision of Section 1252(g) to the Petition deprives him of access to judicial review or an adequate substitute for his motion to reopen. In support, Petitioner appears to analogize his case to the numerous cases invalidating BIA decisions that deemed a motion to reopen withdrawn by virtue of the alien's involuntary removal from the United States. (*See* Motion at 6) (citing *Chaudhry v. Barr*, 2:19-CV-0682-TLN-DMC-P, 2019 WL 3713762, at * 4 (E.D. Cal. Aug. 7, 2019) and discussing the "procedural 'gap' in which an alien has a right to file a motion to reopen, but concurrently can be denied the opportunity to meaningfully pursue this statutory right, due to imminent or actual deportation"); *see also Coyt v. Holder*, 593 F.3d 902, 907 (9th Cir. 2010) (Attorney General exceeded his authority in

promulgating regulations allowing for the physical removal of a petitioner by the United States to preclude the petitioner from pursuing a motion to reopen); *accord. Garcia-Carias v. Holder*, 697 F.3d 257, 264-65 (5th Cir. 2012) (discussing cases and holding that the "departure bar" to adjudicating motions to reopen is invalid); *Lin v. U.S. Att'y Gen.*, 681 F.3d 1236, 1241 (11th Cir. 2012); *Contreras–Bocanegra v. Holder*, 678 F.3d 811, 818 (10th Cir. 2012) (en banc); *Madrigal v. Holder*, 572 F.3d 239, 243-45 (6th Cir. 2009); *William v. Gonzales*, 499 F.3d 329, 333 (4th Cir. 2007).

Rather than supporting Petitioner's position, however, these cases establish that an alien *may* litigate a motion to reopen following his involuntary removal and, further, *may* seek judicial review of the BIA's denial of that motion. Thus, should Petitioner wish to seek judicial review following the BIA's denial, Petitioner may file in the circuit court a petition for review that challenges both the BIA's exercise of discretion and the validity of the regulations that Petitioner contends will be the reason for the BIA's denial. *See Kucana v. Holder*, 558 U.S. 233, 242, 251 (2010) (holding that the REAL ID Act did not divest circuit courts of jurisdiction to review administrative denials of motions to reopen). Many aliens in similar circumstances have done the same. *See, e.g., Kalilu v. Mukasey*, 548 F.3d 1215, 1218 (9th Cir. 2008) (alien with a pending *prima facie* valid I-130 petition filed a petition for review of the BIA's denial of his motion to reopen, and the Ninth Circuit held that the BIA abused its discretion in denying the petitioner's motion to reopen); *Clifton v. Holder*, 598 F.3d 486, 494 (8th Cir. 2010) (observing that other circuits, in the contexts of petitions for review, have taken up the question of whether removal proceedings must be continued while an alien pursues a *prima facie* valid adjustment application); *Scheerer v. United States AG*, 513 F.3d 1244, 1254 (11th Cir. 2008) (alien who had been involuntarily removed while his adjustment application was pending filed a petition for review of the BIA's denial of his motion to reopen, and the Eleventh Circuit found no abuse of discretion and no due process violation by the BIA in denying the motion to reopen), *cert. denied* 555 U.S. 825 (2008); *Hanggi v. Holder*, 563 F.3d 378, 384 (8th Cir. 2009) (finding in the context of a petition for review that the government's

removal of an alien with pending I-485 and I-130 applications did not violate the alien's due process rights because the alien had no constitutionally-protected liberty interest in the discretionary relief of adjustment of status). Accordingly, the Court remains aware of no reason why judicial review—or an adequate substitute—for Petitioner's motion to reopen would be precluded following his removal to Ukraine.

## CONCLUSION

In sum, Petitioner has not established that the October 18, 2019 Order and Judgment should be set aside on the basis of mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, or any other reason that justifies relief. Therefore, IT IS ORDERED that the Motion is DENIED.

DATED: October 23, 2019

                                                  JOHN F. WALTER
                                                  UNITED STATES DISTRICT JUDGE

Presented by:

KAREN L. STEVENSON
UNITED STATES MAGISTRATE JUDGE